KASPER KUBLI, TREASURER OF JACKSON COUNTY, RESPONDENT, v. E. MARTIN, ET AL., APPELLANTS.

STATUTE CONSTRUED.—The Act to provide for the loaning of common school funds, approved December 19th, 1865, is constitutional and valid.

APPEAL from Jackson County.

This is a suit brought by Kubli, treasurer of Jackson County, to foreclose a mortgage, executed in 1866 by one

Horne and wife, to secure the payment of two promissory notes. The appellants, being judgment lien creditors of Horne, were made parties defendants. They demurred to the complaint, and their demurrers were overruled. They then filed answers setting forth their judgments, and alleging that the money specified in the promissory notes, secured by the mortgage sought to be foreclosed, was a portion of the separate and irreducible school fund of the State, and that the county treasurers have no authority to loan such fund. The respondents demurred to this answer, and the court below sustained the demurrer and rendered a decree in conformity with the prayer of the complaint. An appeal was taken from this decree.

*Kahler & Watson, and Dolph, Bronaugh, Dolph & Simon,* for Appellants.

*H. K. Hannah, and Thayer & Williams,* for Respondent.

By the Court, McARTHUR, J.:

The legality of the decree of the court below depends upon the constitutionality of a certain act of the Legislative Assembly, approved December 19, 1865, entitled "An Act to provide for the loaning of common school funds," and which is set forth at length in § 18, p. 633 of the compilation of the general laws for 1872. The language employed by the law makers is as follows: "The county treasurers of the several counties are hereby required to loan the school fund in their respective counties, at the legal rate of interest, with security by mortgage on real estate of the value of three times the amount loaned; *provided,* no money shall be loaned for a longer time than one year; *provided, further,* that the county treasurer shall require the borrower to give his note and mortgage for the principal and interest, payable in the same kind of money, specifying whether the same is coin or currency; and the interest shall be paid annually, and when collected shall be placed by the county treasurer in the school fund of the county; *provided,* nothing in this chapter shall be so construed as to deprive the State of the

right to control the common school fund created by the sale of school lands."

Article 8, § 2 of the Constitution, after referring to money arising from certain sources, declares that the same "shall be set apart as a separate and irreducible fund, to be called the common school fund;" and § 5 of the same article declares that "the Governor, Secretary of State, and State Treasurer shall constitute a Board of Commissioners for the sale of school and university lands, and for the investment of the funds arising therefrom, and their powers and duties shall be such as may be prescribed by law," etc.

If the act of December 19, 1865, operates to take away the control of the common school fund from the Board of Commissioners created by § 5 of Art. 8 of the Constitution, it must be regarded as unconstitutional; if such is not its operation, it must, of course, be declared an effective law.

Had the act been passed without the third proviso, it might have been regarded as unconstitutional; but we think that proviso is of such a character as to warrant the conclusion that the Legislative Assembly did not intend by the act to take away the control of the " separate and irreducible fund " from the Board of Commissioners. The act, in effect, makes the county treasurers, in their respective counties, mere agents, subject to the control, direction, and authority of the Board. Decree affirmed.